**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LESLIE POWELLCRAFT PAL,           Case No. 1:15-cv-168

    Plaintiff,           Dlott, J.
         Bowman, M.J.

v.

FBI PROTECTIVE PROGRAM, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

On March 10, 2015, Plaintiff filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or

arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Allegations Of Complaint

Plaintiff's complaint identifies the following defendants: (1) FBI Protective Program – Cinti., Denver, Washington D.C.; (2) United States Department of Justice – civil rights and/or various in charge of Protective Program; (3) U.S. Marine Corp.; (4) U.S. Marine Corp contracts from foreign countries; (5) Any other military related contracts with U.S. Army; (6) U.S. Navy; (7) U.S. Army Psychiatrist Ron Harper who initiated Longitudinal Study; (8) Merck/CLA Australia.

Plaintiff's "Statement of Claim" is difficult to understand, is illogical and delusional. Moreover, many of the "Defendants" are not adequately identified. In the complaint, Pliantiff alleges that she is being harassed physically and mentally in some type of "FBI protective program due to a relative's illegal behavior before 1995." She

alleges that the "harassment includes exposure to Narcotics & male androgens, steroids & male sex change hormones over the past 2 years. Five previous years the worst of my life." The complaint rambles and is often incoherent, but speaks of health problems and other events dating to Plaintiff's infancy, her difficulties in obtaining employment as a physical therapist, and a belief that she is a subject in a "military issued longitudinal study in partner with Merck Pharmaceutical/CLS Australia to earn monies to pay back those involved in protective program & those previous involved with relative arrested with 1° of FBI Protective Program," a program from which she claims certain people have derived millions of dollars. Plaintiff details her marital and pregnancy history, her alleged birth parents' history, and alleges she is related "to Princess Diana & other English Royal Family members." She apparently believes that "U.S. military or govt. workers [are trying] to copy members related to Royal Family England due to U.S. & UK England being allies." (Doc. 1-1).

In the "Relief" section of her complaint, Plaintiff seeks injunctive relief to stop "exposure to male androgens & steroids," as well assistance through the "FBI Protective Program" in order to move "closer to adoptive & birth family, with financial & emotional assistance including skyping &/or flying to potential cities to live in US and/or foreign countries of England or Australia, or New Zealand." She explains that she is "unhappy with the military influence in this program, including the foreign counterparts/contracts having access & stealing audio thoughts, monitoring thoughts & food intake/feces & urine output, & foreigners stealing my belonging & fingerprints ('the MR')."

### III. Analysis of Claims

Plaintiff's complaint should be dismissed in its entirety. The complaint provides no factual content or context from which the Court may reasonably infer that any Defendant violated plaintiff's rights. Plaintiff's factual allegations rise to the level of the delusional, irrational and "wholly incredible." Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).[1]

During the course of drafting this Report and Recommendation, the undersigned discovered three very similar delusional complaints previously filed and dismissed by the same Plaintiff, docketed under the name of "Leslie P. Pal." Plaintiff's first case was Case No. 1:13-cv-615, filed on September 9, 2013; she named the "Federal Bureau of Investigation" as the sole Defendant. Magistrate Judge Karen Litkovitz recommended that case be dismissed as delusional on the same date, and that R&R was adopted by U.S. District Judge Michael R. Barrett on September 29, 2013. Plaintiff subsequently moved to reopen the same case, but that motion was denied on March 28, 2014. (*See* Docs. 10, 12). Second, in Case No. 1:14-cv-113, Plaintiff named FBI "government entity employees" as well as "Doodie" and "Doodie's Mom" as Defendants. The undersigned recommended the dismissal of that case on February 14, 2014, and the R&R was adopted by Senior U.S. District Judge S. Arthur Spiegel on March 24, 2014. Plaintiff filed a third delusional complaint in Case No. 1:14-cv-537 on June 30, 2014 against the "FBI Protective Program," "Dootie," Joe Pastor of Allstate Insurance Co., and J. Walker. The undersigned recommended dismissal on July 11, 2014, and the

---

[1] Additionally, virtually all of the events of which Plaintiff complains occurred so long ago that any possible claim would be time-barred.

R&R was adopted by U.S. District Judge Susan J. Dlott on August 20, 2014. Plaintiff's appeal to the Sixth Circuit was dismissed on March 2, 2015. A week later, Plaintiff filed the instant complaint.

To the extent that most of Plaintiff's current allegations are reiterations of allegations contained in her previously filed complaints, the instant complaint may also be dismissed as duplicative. The Supreme Court has recognized that "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,'" have given rise to the general principle that duplicative litigation in the federal court system is to be avoided. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). The District Court, therefore, has the inherent power to dismiss an action when it is duplicative of another action pending in the federal court. *See, e.g., Baldwin v. Marshall & Ilsley Fin. Corp.*, No. 1:11cv804, 2011 WL 7499434, at *4 (S.D. Ohio Nov. 23, 2011) (Litkovitz, M.J.) (and numerous cases cited therein), *adopted*, 2012 WL 869289 (S.D. Ohio Mar. 14, 2012) (Weber, J.). Such power should be exercised in this case. *Cf. id.*

Last, the fact that this is the fourth consecutive delusional complaint filed by Plaintiff, all with similar allegations, suggests that Plaintiff should be admonished not to re-file the same allegations in the future. Accordingly, Plaintiff is hereby **NOTIFIED** that if she continues to submit complaints that raise claims identical or similar to those that have already been adjudicated, she may be subject to sanctions. A *pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law. The Court has the inherent power to prevent abuse of the judicial process, including the

imposition of sanctions against a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991); *First Bank of Marietta v. Har{ford Underwriters Ins. Co.,* 307 F.3d 501, 514 (6th Cir. 2002).  The Court is also empowered under Federal Rule 11 to impose sanctions against a party who violates the dictates of the Rule.  Plaintiff is further warned that this Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers* v. *Chevon U.S.A., Inc., et al.,* 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits.

### IV. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e).  IT IS FURTHER RECOMMENDED that Plaintiff be admonished not to file any new complaint in this Court that raises claims identical or similar to those that have already been adjudicated.

     *s/ Stephanie K. Bowman*
     Stephanie K. Bowman
     United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LESLIE POWELLCRAFT PAL,

    Plaintiff,

  v.

FBI PROTECTIVE PROGRAM, et al.,

    Defendants.

Case No. 1:15-cv-168

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

   *s/ Stephanie K. Bowman*
   Stephanie K. Bowman
   United States Magistrate Judge